IN THE SUPREME COURT OF THE STATE OF DELAWARE

HECTOR BARROW, §
§
    Defendant Below, § No. 527, 2014
    Appellant, §
§
    v. § Court Below: Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID No. 9506017661
    Plaintiff Below, §
    Appellee. §

Submitted: November 21, 2014
Decided: January 5, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 5th day of January 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Hector Barrow, filed this appeal from the Superior Court's denial of his third motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Barrow's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in May 1997, a Superior Court jury found Barrow and his co-defendant Jermaine Barnett guilty of Intentional Murder in the First Degree, Felony Murder in the First Degree based on Recklessness, Felony Murder in the First Degree based on Criminal Negligence, and other charges arising from the 1995 robbery and murder of a gun shop owner. Barrow and Barnett were sentenced to death. On direct appeal, this Court reversed each defendant's intentional murder conviction and remanded for a new penalty hearing.[2] After the second penalty hearing, the Superior Court sentenced Barrow and Barnett to life imprisonment. Barrow did not appeal that sentence.

(3) Barrow filed his first motion for postconviction relief on January 27, 2005. Barrow requested appointment of counsel in May 2005. The Superior Court found that Barrow's claims were procedurally barred by Superior Court Criminal Rule 61 ("Rule 61").[3] The Superior Court also concluded that Barrow's ineffective assistance of counsel claims lacked merit.[4] The Superior Court did not address Barrow's request for appointment of counsel. On appeal, Barrow only challenged

---

[2] *Barrow v. State*, 749 A.2d 1230 (Del. 2000).

[3] *State v. Barrow*, 2005 WL 3436609, at *2-3 (Del. Super. Ct. Dec. 6, 2005).

[4] *Id.* at *3-4.

the denial of one of his ineffective assistance of counsel claims. This Court affirmed the Superior Court's denial of that claim.[5]

(4) Barrow filed his second motion for postconviction relief on August 29, 2007. The Superior Court found that the motion was procedurally barred by Rule 61. This Court dismissed Barrow's untimely appeal.[6]

(5) Barrow filed his third motion for postconviction relief on January 28, 2014. Relying on the U.S. Supreme Court's decision in *Martinez v. Ryan*[7] and our decision in *Holmes v. State*,[8] Barrow argued that he was entitled to appointment of counsel because he did not have the assistance of counsel in his first postconviction proceedings. Barrow also claimed that his trial counsel was ineffective for failing to subpoena or question three State witnesses regarding deals they struck with the prosecutor, failing to investigate a relationship among the three witnesses, and failing to object to testimony regarding the meaning of a Jamaican slang word used by Barrow.

---

[5] *Barrow v. State*, 2006 WL 3579058 (Del. Dec. 11, 2006).

[6] *Barrow v. State*, 2009 WL 189869 (Del. Jan. 13, 2009).

[7] ---U.S.---, 132 S. Ct. 1309, 182 L.E.2d 272 (2012).

[8] 2013 WL 2297072 (Del. May 23, 2013).

3

(6)  The Superior Court held that Barrow's claims were untimely under Rule 61(i)(1),[9] his claim that he was entitled to counsel in his first postconviction proceedings was barred by Rule 61(i)(3)[10] because he did not raise that issue on direct appeal, and his ineffective assistance of counsel claims were barred by Rule 61(i)(2)[11] to the extent they were not raised before and by Rule 61(i)(4)[12] to the extent they were previously adjudicated.[13]  The Superior Court also held that Barrow failed to show that review was required in the interest of justice under Rule 61(i)(2)[14] or Rule 61(i)(4)[15] or due to a colorable claim of a miscarriage of justice under Rule 61(i)(5).[16]

---

[9] Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than three years after judgment of conviction is final) (amended in 2006 to reduce filing period to one year).

[10] Super. Ct. Crim. R. 61(i)(3) (barring any ground for relief not asserted in proceedings leading to conviction).

[11] Super. Ct. Crim. R. 61(i)(2) (barring claim not raised in previous postconviction proceeding).

[12] Super. Ct. Crim. R. 61(i)(4) (barring claim that was formerly adjudicated).

[13] *State v. Barrow*, 2014 WL 4180121, at *2 (Del. Super. Ct. Aug. 25, 2014).

[14] Super. Ct. Crim. R. 61(i)(2) (providing claim is not barred if review is warranted in interest of justice).

[15] Super. Ct. Crim. R. 61(i)(4) (providing claim is not barred if reconsideration is warranted in interest of justice).

[16] Super. Ct. Crim. R. 61(i)(5) (providing that barred claims can be reviewed if there is colorable claim of miscarriage of justice due to constitutional violation that undermined fairness of proceedings).

(7)    On appeal, Barrow contends that the Superior Court abused its discretion by failing to appoint counsel for him in his first postconviction proceedings because he raised ineffective assistance of counsel claims.  Barrow claims his counsel was ineffective because they failed to investigate deals struck with several State witnesses, who he claims were the actual perpetrators of the 1995 crimes, and refused to challenge the linguistics expertise of a police officer who testified about the meaning of a Jamaican slang word used by Barrow.

(8)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[17]  The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[18]  Barrow argues that he has overcome the procedural bars of Rule 61(i) because he has pled a colorable claim of a miscarriage of justice under Rule 61(i)(5) based on his counsel's ineffective assistance.

(9)    Barrow's conclusory and unsupported allegations of ineffective assistance do not state a colorable claim of a miscarriage of justice under Rule 61(i)(5).  In support of his claim that his counsel was ineffective for failing to investigate three people (two men who were State witnesses and the aunt of one of the men) who were supposedly responsible for the underlying crimes, Barrow

---

[17] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[18] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

contends that two witnesses described the suspects as two men and a woman. Barrow does not cite to anything in the record supporting this contention. The record reflects that the witnesses identified three men as suspects and one witness did not think Barrow was one of the suspects because she thought he looked like a girl.

(10) The record also contradicts Barrow's claim that his counsel was ineffective for refusing to challenge the linguistics expertise of a deputy marshal who testified about the meaning of a Jamaican slang word used by Barrow. Barrow's counsel did challenge the linguistics expertise of the witness, but the Superior Court decided the witness's testimony was admissible under Delaware Rule of Evidence 702. Barrow has thus failed to plead a colorable claim of a miscarriage of justice under Rule 61(i)(5) based on ineffective assistance of counsel.

(11) Finally, Barrow has not shown he is entitled to relief based on his claim that the Superior Court should have appointed counsel in his first postconviction proceedings because he raised ineffective assistance of counsel claims in those proceedings. If Barrow wished to challenge his lack of counsel in his first postconviction proceedings, despite his request for appointment of counsel, then he should have raised that claim in his appeal of the Superior Court's denial of his first motion for postconviction relief. He did not do so.

6

(12) Barrow also fails to identify any relevant authority supporting his claim that he was entitled to appointment of counsel in his first postconviction proceeding because he raised ineffective assistance of counsel claims. In *Martinez,* the U.S. Supreme Court held that a lack of counsel or inadequate assistance of counsel during initial postconviction proceedings may establish cause for a defendant's procedural default of a claim of ineffective assistance of counsel at trial in pursuing federal habeas corpus relief.[19] The U.S. Supreme Court did not hold that there is a federal constitutional right to counsel in first postconviction proceedings.

(13) In *Holmes*, this Court held that the Superior Court abused its discretion in denying Holmes' motion for the appointment of counsel to assist him in his first postconviction proceeding.[20] We remanded for the appointment of counsel under the recently amended Rule 61(e)(1).[21] Rule 61(e)(1) was amended in May 2013 to provide that the Superior Court would appoint counsel for an indigent defendant's first postconviction proceeding, but that amendment only applied to postconviction motions filed on or after May 6, 2013, and was not made

---

[19] *Martinez*, 132 S. Ct. at 1320.

[20] 2013 WL 2297072, at *1.

[21] *Id.*

7

retroactive.[22] Because Barrow's first motion for postconviction relief was filed in 2005, Rule 61(e)(1) and our related holding in *Holmes* are not applicable. Nor has Barrow established good cause for appointment of counsel. We conclude that the Superior Court did not err in finding that Barrow's third motion for postconviction relief was procedurally barred and that Barrow failed to overcome the procedural hurdles.

(14) We also note that this is Barrow's third postconviction motion. We have invested considerable time detailing the reasons why Barrow's claims are barred. We will not continue to invest scarce judicial resources to address untimely and repetitive claims. We encourage Barrow to be mindful of Rule 61(j).[23]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*_____

Chief Justice

---

[22] *Cook v. State*, 2014 WL 2949413, at *1 (Del. June 26, 2014); *Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013).

[23] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").